Karen Larson for Gary and Lear, now known as Lear and Trine and then Century Law Group. My apologies for those. And we represent Keystone and Mr. Saxby, Your Honor. The issues are rather simple in this particular case. It's whether the court had an enforceable settlement agreement pursuant to a letter that was executed by the defendants but not the plaintiff, and whether the court had jurisdiction due to the fact that within the order itself it spoke of an expiration date. Well, now, on that first issue, did you preserve that? Did I preserve it, meaning in the underlying hearing, Your Honor? Well, I mean, are we allowed to – I assume you're talking about the 664.6 issue? Yes, Your Honor. Wasn't that waived? Did you not – did you preserve it at trial? It was only a hearing, Your Honor, and the issue – In front of the court. Right. And Mr. Arden, who was the attorney at the time, indicated on the record that he had – which was raised that they agreed to the entry of a judgment, and so the issue is did he waive the enforceability of 664.6 by that representation. It's our position – Which would have been appropriate at that time if you wanted to invoke your rights under that to have raised it before the judge at that point. Would have been the better thing to do, Your Honor? I don't know that looking at the statutory – the State law interpretations of 664.6 that an attorney can waive the right to question the validity or the enforceability of the contract itself. Perhaps he didn't understand that, and the parties themselves are saying that it's not enforceable. I thought he conceded that the agreement was binding, and he did that in open court. The statement that he made in open court was he suggested that a judgment could be entered, but he disagreed as to the terms of the entry of the judgment, so therefore the issue is what was he conceding. I'm confused every time I read that transcript, and I understand the court. He's saying that his client never agreed to the transfer of 500,000 shares of stock plus the entry of a $250,000 judgment. He kept speaking of $150,000. So even though he made some statement about, yes, we would enter a stipulated judgment, but only if the terms were correct, he seemed to be disagreeing and suggesting on the record that his understanding of the agreement was not what opposing counsel, which in itself suggested that there was problems with the letter agreement that was supposed to be executed or become this final settlement agreement. The cases all cited in my brief, the State cases, the whole purpose of meeting the statutory requirements of 664.6, the summary procedure, is to ensure that there is a sufficiently clear agreement for the court to come in and say, I'm not going to obligate the plaintiff to file an independent action. The very fact that Mr. Argan seemed to be confused by the terms of the agreement and still opposing counsel suggested that there were material terms that were not spelled out, that once they were spelled out in stipulated agreement, everyone said, well, wait a minute, I never intended to cut this lawsuit short by giving you all of the stock that you wanted me to buy back, plus $250,000, plus whatever payments. The ---- Kennedy. Maybe we ought to get to the first question, which is the jurisdictional issue about the 120 days. Yes, Your Honor. The breach occurred within the 120 days, did it not? The fact that he never made the payment, yes, Your Honor. Yes. Isn't that enough? Well, obviously, I ---- Your answer is no, I guess. I guess my answer is no. I've been thinking a long time about if your answer is yes, you can forget the issue. I assume it's no. Yes, Your Honor. My interpretation of the law, which obviously, you know, may very well be significantly flawed, is that the Court, in order to retain the jurisdiction, the purpose of every ---- as everybody comes forward to say, okay, now, what did you mean by that agreement? Did you sign it? Isn't it a little simpler just to say the agreement says it retains jurisdiction for 120 days, and after 120 days, it doesn't have jurisdiction to do anything? That's how I interpret it, Your Honor. That's what I thought you were saying. Thank you, Your Honor. You did it so much better. Can we come back to the signature on the letter? You're saying that he was confused and all of that, but your client, Keystone signed it, didn't he? It was the other side that didn't sign it. That's correct, Your Honor, which suggests a very weak position on the part of the buyer's remorse, whatever. But there was a very specific case in the Second District of the State Court of Appeals, Harris and Rudin case that I cited in my brief, that goes to that very issue where the plaintiff was bringing the motion to enforce the settlement. And her attorney sent a letter very similar to Mr. Richter's letter, spelling out the terms of the agreement, which was signed by the malpractice, purportedly malpractice-committing attorney. And the Court very specifically said in that case, the whole purpose of the summary procedure is to make sure the parties and not the attorneys have signed the agreement, that the parties understand what it is. And the Court was not persuaded by the fact that the party being charged had signed the agreement. The Court very specifically said that that did not persuade them from strictly applying the statutory threshold requirements of 664.6, because obviously the whole point is to eliminate the whole need of a party to bring an independent action. And therefore, the threshold requirements must be strictly enforced. Or so I'm reading those cases, Your Honor. Kennedy. Thank you. Back to the position. Okay. I'm pretty much finished with my points, other than to say that the concerns Well, can I just ask you, Ben, you said in response to Judge Reinhart's question, your position simply is that all actions, in effect, that the district court takes with respect to this agreement must occur within 120 days. Even though the district court in this action actually acted within the 120 days, the issuance of the order followed thereafter, outside the 120 days. So what should have happened, in your view, is that a minute order, final judgment, all had to be issued within the 120 days, and that there's no ancillary jurisdiction once the Court has exercised its jurisdiction to enforce the agreement, to do all that you said, question the parties and so on and so forth. Yes, Your Honor. And I would go even further. I question even whether the hearing itself occurred within the 120 days, as to when the clock exactly started. Opposing counsel suggested that the minute order itself was protected within that 120 days, but then you would have to talk about a minute order being the tolling or the starting period, and that would have been April 18th, as opposed to, you know, there was an April 18th minute order in which the Court retained jurisdiction, then on April 20th it was filed, and then on April 26th it wasn't entered. The hearing date itself occurred, I believe, August 21st, and I believe the minute order was? I think it was entered that day. But that was three days before the expiration, though. August 24th, according to my notes, is the end of the 120-day period. Is that not right? That could be, Your Honor. There was a question as to when you were going to start that clock. You're talking about the time when the 120 days starts? Yes, Your Honor. And if you start from the minute order, nothing happened within 120 days. And if you start from the date of the entry of judgment, then the 120 days had not expired when the next minute order was entered. That's correct, Your Honor. Okay. So if you take judgment to judgment, it's not within 120 days. Or you take minute order to minute order, it's not within 120 days. That's correct. That's our position, Your Honor. Okay. That's all I have, Your Honor. I'll reserve some time for rebuttal unless you have further questions. No, that's fine. Thank you. Counsel? Thank you. May it please the Court. Stuart Richter on behalf of the appellee and the plaintiff in the underlying action, Cranshaw Capital. This panel has correctly noted, I believe, the issue in this case is two issues. And the first is whether the court, if it retains jurisdiction for a specific period of time to enforce a settlement agreement, is entitled to, within that period of time, initiate the actions to enforce the settlement agreement, thereby implicitly modifying its prior order and stating that the 120 days is no longer in effect. Why didn't the judge, if she thought that the 120 days was no longer in effect, simply say so, extend the order? She could have said, I'll keep jurisdiction another 30 days, 60 days. I don't know why she decided only 120 days. But if she wanted to extend it, she certainly could have. I can't answer for Judge Phillips, Your Honor. But I would point out that regardless of when you set the clock running on the underlying minute order, the motion to enforce the settlement was filed in July, well within the 120 days. I don't think there's any question that this whole controversy occurred within the 120 days. The question is, when a judge says, I'm going to lose jurisdiction after July 4th, can on July 7th, can that court act and enter a judgment? Is that judgment a valid exercise of authority? We would submit that it is, Your Honor, if prior to July 4th, taking Your Honor's date, the judge takes action to enforce the settlement. In this case, the hearing on the motion occurred prior to that 120-day period. By virtue of the court taking the matter on for hearing, I think implicitly, if not explicitly, the court stating, I'm going to enforce the settlement within the 120 days. Well, yes, she said, I'm going to, but she didn't. She said that. In fact, she asked that the order be submitted the next day. The very next day. So that she would be in time. The judgment would be submitted the very next day. Yes. The order was entered prior to the 120 days. But she wanted the judgment the next day so she could enter it within the 120 days. And then she never did it. That is, if that was the court's thinking, I would submit that's true, Your Honor. I would acknowledge that, yes, the judge did not enter the order until the judgment until September. However, the order enforcing the settlement, which called for a judgment, was clearly entered within the 120 days. But the problem with just an order that calls for a judgment is it's not at all clear what the judgment should provide, because you have a dispute, and I think a reasonable dispute, over what the judgment should say. Well, that brings me to the second issue, I believe, Your Honor, is what is, and I think you're getting to this, what is enforcement of the settlement agreement, because that's what the court retained jurisdiction for within the 120 days. Does that mean the entry of a judgment, or does that mean taking action to enforce the settlement? Well, suppose it means she enforced the judgment. It's like entering a judgment within the time. Well, no. She did. I'm sorry, Your Honor, but she did not retain jurisdiction to enter a judgment. She retained jurisdiction to enforce the terms of the settlement. Whether that order was, no, I'm not going to enforce, or, yes, I am going to enforce, it occurred within the time she retained jurisdiction. She said, I'm going to do something. Right. Yes. And I'm going to enter a judgment that's going to say exactly what the settlement agreement is and what I'm going to tell the parties they have to do. Aside from the general question of whether, if there had been no dispute and entering the judgment was simply mechanical, leaving aside what the answer would be there, and I'm not sure it would be any different. When there's really something substantive to be done to determine what the terms are of the judgment, how do you say she preserves jurisdiction to do those things afterwards? We would submit, Your Honor, that those decisions, the substantive decisions, were made prior to the expiration of the 120 days. The court recited in its at the hearing and in its minute order what the terms of that judgment should be. The court only asked that a form be submitted. It said specifically about how much they were to pay and the stock and all of that in the minute order? Judge Phillips stated on the record that it would be a judgment for $250,000 and would require the transfer of the stock. She noted that if the stock is transferred and sold, then you'd have to credit the judgment or give back the money, but she would enter judgment in accordance with the terms of the letter agreement. And then she requested a form at the hearing. When there was no form presented at the hearing, she said, send it down to me by the 23rd. So she had already decided all of the substantive issues by the time the 120 days had expired. Have you had a chance to read the Kokkonen case? Yes, I have, Your Honor. Justice Scalia's opinion, yes. Is that shed any light on this to the extent that the emphasis there seems to be that when you're talking about the breach of an agreement, which is part of the original judgment, that there is, that ancillary jurisdiction can continue? I believe there's two points to be made from Kokkonen, Your Honor. One is, as Your Honor has pointed out, that if the terms of the settlement are embodied in the order of dismissal, it is an order of the court, and therefore the court retains jurisdiction. The other point that Kokkonen made is that the district court is, of course, permitted to retain jurisdiction expressly in the order of dismissal, which is what happened in this case. So ---- Well, among those three arguments, then, which is your strongest argument? That the court retained jurisdiction for 120 days. Well, yeah, but the hook on that is that whatever the dispositive step was, it would have to have occurred within 120 days. So you're relying on the idea that the minute order was enough because that was within the 120. Yes, Your Honor. The decision of the judge occurred within the 120 days would be our position. I don't think that I could argue to this Court with a straight face that the court's terms of the settlement, which was the other issue that Justice Scalia addressed in Kokkonen. I think that the point here is ---- Kokkonen doesn't help us, is what you're saying here. I don't think Kokkonen helps us on this particular issue. I think if the Court wishes to get into the waiver argument, I would make another point from Kokkonen. But Kokkonen merely stands for the proposition that a court can enforce a settlement agreement after dismissal if jurisdiction is retained. So the decision we have to make is whether or not the minute order that occurred on, I believe it was the 21st of August, was within the 120-day extension. I would submit, Your Honor, that, yes, there's a fallback. But I would also submit that, of course, the motion was filed and was set for hearing well within 120 days. Because of scheduling, it was pushed back a week. And, you know, it's timing. I mean ---- You also have the question of whether the minute order is enough without the judgment. We would submit that it is, Your Honor, that all the substantive rulings had been made in the minute order and the first ---- All right. Let me read you the minute order, and you tell me where you find these substantive rulings. Court hears oral argument and grants plaintiff's motion to enforce settlement agreement and enter judgment against defendant Keystone Energy Services, Inc. Plaintiff shall submit a proposed judgment no later than August 23rd. Where are all these substantive terms set forth in the minute order? I would point the Court to the transcript where the Court read it. That's not the minute order. You said they're set forth in the minute order. You correctly recited the minute order. The Court entered judgment in the amount of $250,000 and requested that we submit a ---- It doesn't even say anything about $250,000 in the minute order. It just says grants the motion. And you're to submit a proposed judgment, which I assume is going to contain the terms. I would also point out, Your Honor, that in granting the motion, the motion specifically requested a judgment in the amount of $250,000 plus transfer of the stock. That was, in granting the motion, the Court ruled on the substantive issue. The question was whether the agreement should be enforced on those terms, and the Court ruled in our favor. Now, the actual judgment that was entered, perhaps belatedly, the ---- where does that say that the money from the stock, if it's sold, goes back? It does not, Your Honor. But like any judgment, we have a judgment in the amount of $250,000. If we collect on that judgment, we can't continue to enforce a judgment in the amount of $250,000. We have to credit when it's collected. Isn't this judgment a judgment? Yes, it is, Your Honor. And this judgment says that you're to get the $250,000, and further, that the stock is to be cleared and transferred to Cranshire. Correct. You get both under this judgment. Yes, Your Honor. Well, that's not what the agreement was, was it? You get both the $250,000 and the stock? Yes. And any money we collect from Keystone, either by sale of the stock or they pay us, which they didn't, is credited against the $250,000. Where does it say that in the judgment? It says that ---- it does not say it in the judgment. I'm sorry, Your Honor. Okay. It says it in the letter. The judgment gives you the $250,000 plus the stock? Yes, Your Honor. Then the settlement agreement cranks in, which brings that down to $150,000. Is that what's going on here? No. The settlement was structured that we would get $150,000 in payments plus the stock if they breached the terms of the settlement, we would go back to the original prayer, which was $250,000 plus the stock. It was like a ---- it's an incentive. It's a kicker. But the point is it's consistent with the settlement agreement. Yes, it is. I see. That was the intent of the parties. But I don't understand how it's consistent if you say that the ---- you have to give them back the money from the sale of the stock. The way the settlement was structured, if you pay us in accordance with the terms of the settlement, you only have to pay the $150,000. No, no. Forget that. You pay the $250,000. This is what this orders them to do. Pay $250,000. Yes, Your Honor. Now, you said you're not supposed to get in addition to that the money from the sale of the stock. The money from the sale of the stock would be a credit against the judgment of $250,000. The judgment doesn't say anything about that. No, it does not. The judgment says you can keep the money from the sale of the stock. I don't even understand why they have to clear it and give you the stock once you've gotten the $250,000. They want to give it to you so you can sell it and give them the money back? As the Court correctly noted in the oral argument, if they give us the $250,000, we don't get the stock. But that's what the order says. You have to do both.  You get the $250,000 and the stock. This judgment she entered after the 120 days says you get both. And you say, well, that's fine because we'll give it back to them, which doesn't seem to make any sense. Why would they give it to you in the first place? If there's a credit against the judgment, we can enforce it up to the $250,000. No, no. It says you get $250,000, and then furthermore, you get the stock. That's correct, Your Honor. That's what the order says. Now, what is then the authority by which, if you don't give them the credit, they sue to get it? How do they, in other words, how do they enforce what you're telling us is the understanding? I would submit it would be a wrongful attachment or a wrongful levy. Based on what document? What would they reluct to? They would look back to the terms of the settlement agreement, Your Honor. Which this judgment enforces. So you're saying that the settlement agreement is different from the judgment, and it controls. I would say, I would submit, Your Honor, that the two documents are not inconsistent. The only inconsistent we see would be as if we attempted to take advantage of and enforce it inconsistent with the settlement agreement. This is why it's difficult for me to see that the case was all over when she entered a minute order. And I think this is a good example of why that's not enough for her to have exercised her authority. If her authority ends at 120 days, this judgment that she entered afterwards is a good reason to say it's not merely a ministerial act that occurs after the 120 days. Something very substantive can occur, such as an erroneous judgment. Of course, Your Honor, under the local rules of the district court, and I believe the Federal Rules of Civil Procedure, the defendants and the appellants were free to object to the form of the judgment at the time it was submitted. They were given that opportunity. And certainly they had over a month to do so. That's exactly proves what I'm saying, that it's not all over when you get a minute order. You then get a judgment. One side proposes a judgment that the other says is not correct. I'm not talking about this case in particular. I'm talking about what should our rule be, that if the Court only has jurisdiction until X date, that the Court has the authority after that date to enter the one controlling document, the judgment, which may be a matter of dispute between the parties and may be seriously disputed by the parties. I would respond, Your Honor, respectfully by stating that, once again, I believe all the substantive issues were decided. The question of the form of the judgment, that not being a substantive issue, could be dealt with later had the defendants and the appellants objected and stated, I want to include language in there that makes it clear what you argued at the hearing and what the judge said at the hearing, that there's going to be a credit for the stock. That is not a substantive ruling on the issue. I think it's a question of the form of the judgment. Counsel, I notice that the judgment has entered September 5. Has the word proposed stricken from it? When did the other side get a copy, get this particular form, which eventually was entered? I believe it was messengered to the other side on the same day it was sent to the court, which was the 22nd or the 22nd of August. The day after the court ruled on the 21st, we messengered out. So your argument is that the other side had from the 22nd of August until presumably the 5th of September to object to the form of the judgment? Yes, Your Honor. If I had a problem with the form of the judgment and I don't want to cast aspersions or stones, I certainly would have submitted to the court. It's got your name on it. What's that? It's got your name on it. It's your judgment. Had I been in the other shoes, I certainly would have sent something to the court immediately and said, hey, that's not what you decided, or called a proposing counsel and said, let's fix it. You know, it's not unusual that formal documents have deadlines on appeal, for instance. If you don't, it's not a question of intent. It's a question of what should the rule be as to whether the judge has entered a final enforceable order before her authority expires. Would you be satisfied with a ruling that says you have a minute order? You don't have a judgment? Now, I don't know what that means, what it's worth to you. Or do you need a judgment to rely on to do whatever you're going to do from here on? May I raise two points in response to Your Honor's question? You can answer it with two parts, if that's what you say. Okay. First, I would submit that, once again, as I pointed out earlier, that I believe that the substantive issues have been ruled on. Second, I think, Your Honor, that we set this rigid 120-day deadline, and we're saying that the district court, if you set it as 120 days, unless you expressly state, I'm going to extend that, you're stuck. That's not answering your question. No, that's not the question. The question was, would you be satisfied if we said you get what you got in 120 days, you got a minute order? No, Your Honor, because the judgment. But you need the judgment. Why doesn't the court? You walked away from Kekkonen, but I don't understand. It seems to me that one view of all of this is that the court acted to enforce the judgment, the settlement agreement and its judgment, and thereafter, in order to carry out whatever it did through the minute order, it had its own independent federal jurisdiction, which has no time limit on it, which is to carry out the process that Judge Reinhart has specifically targeted, which is there's a need for ancillary proceedings to effectuate. But the process, essentially, per the transcript in the minute order, seems to have been wound up. But there may well be some glitches thereafter. So the question is whether we're going to be bound as a Federal court by the judgment that set the 120 days at the beginning, or whether once the enforcement action has been taken, it triggers a different kind of jurisdiction. I don't know what the answer is, but I'm — since you said Kekkonen doesn't help us, then I'm not sure where I get my guidance. I think I agree with Your Honor, and to address your colleague's concerns regarding the terms of the judgment, I think that once this enforcement procedure is in motion, if there now are issues that have to be addressed in terms of the form of the judgment, I would submit that a remand to address the form of the judgment is appropriate, but not to reverse and say that the Court had no jurisdiction, that it had no basis to act within its 120-day time period that the Court itself established. And I don't think it's jurisdictional, that 120 days, if the Court begins to act within that time period. Well, we do have cases that are similar to this. We have one, I've forgotten what it is, in the criminal law where the Court is supposed to act within 10 days, and it doesn't matter whether it sets a hearing, announces what it's going to do, unless it enters its order within that time, it loses its jurisdiction. This is a self-imposed loss of jurisdiction by the Court, not a rule, but, you know, it's — you wouldn't call, I assume, the most important function the Court has to perform, the only one that gives you any rights, simply a little glitch that occurs after it's exercised its authority, would you? I wouldn't presuppose that anything the Court judges it does is a little glitch, Your Honor. You're correct. Just in case Her Honor reads the transcript, sir. But I think the Court set in motion the actions necessary to enforce this within the Is that the way we should interpret our rules? I mean, in general, I'd like that idea, but it's not the way I understand we approach time limits, that if somebody sets in motion — I mean, we have a lot of people who lose their rights because their lawyers don't file something in our office in 30 days. People get deported regularly, every month, because their lawyers get it there on the 31st or the 32nd day. Now, they've set it in motion by mailing the letter, but it has to arrive. That's the rule. I'd like to take your suggestion, or maybe Judge Fisher's, and say, well, yours is if they've set it in motion. I'd like that one. Or, well, there's a little glitch. Well, that's not quite what I said. No. We'll talk about that later. A little glitch, and a little glitch is the lawyer didn't get it in time, or the judge didn't enter the judgment. Yeah. I think the distinction here, Your Honor, is, and I empathize with those cases, but it's not the party. Much more than with this one. Yeah. It's not the party or the lawyer that wasn't timely here. The parties and the lawyers did everything that the judge requested them to do within the time limits prescribed. The judgment just wasn't entered. So I think to impose the burden on my client, who has now gotten that stock after a contempt proceeding and has sold it, and to unwind this whole thing, would be a hardship. All right. Because you're talking about a case in which a man was executed because of that. Same thing by the court. No analogy to the situation here, Your Honor. That's a terrible tragedy. But this is a court-imposed deadline, not a statutory or a jurisdictional rule, a Federal rule or the Supreme Court. It's just the court saying we've got to get this done in 120 days. The parties and their lawyers put the process in motion. They get the order. The only thing is that the judgment sits on the clerk's desk for whatever reason. I'm not casting aspersions on the clerk. But the substantive issues were decided within the 120 days. And I would submit again that if the court has a problem with the form of the judgment, that the matter should be remanded to correct the judgment, not to unwind this whole process and the decision made. Okay. Thank you. Thank you, Your Honor. Thank you, Your Honors. If I may approach. You never objected to the form of the judgment? I don't know if Mr. Arden did, Your Honor. We weren't brought in. You don't know? I don't know, Your Honor. I don't know the answer to that question. So it's not in the briefs that you did. It's not in the briefs. It's not in the records. I can't even cite to it. To go back to that particular issue, though, the local rule talks about objection to the form. The court itself, at page 60 of the transcript, noted that there was a problem with the issues of the stock, what was going to happen once the stocks were sold and what was going to happen to the judgment. The judgment in itself, you have interest accruing at the time that the judgment was entered. And so you have all of that mechanism. To go back to the issue that Judge Fischer brought up, though, as far as the procedure and the enforceability, for my client to go back and enforce some credit pursuant to the terms of the original agreement, he can't enforce it against Crenshaw. That party never signed that agreement, which goes back to the 664.6 State California  And Weddington says if there's a material term missing from it, it's unenforceable. Obviously, how this whole procedure was supposed to play out once the party stipulated to Mr. Richter's office, holding a stipulated judgment for purposes of security, how it was going to play out was not spelled out in the terms of the letter, was not signed by Crenshaw's party, which is clearly a violation of 664.6.  Well, if you take this case, though, you're arguing all of the arguments as to why she shouldn't have enforced the agreement. Yes, Your Honor. But focusing on the process here, if getting away from where the clock started and stopped, if the 120-day, if this hearing and all of these procedures and the judgment had all taken place within the 120 days, what would we be talking about? You would be talking about whether what? That she should have enforced the agreement, but not whether she had authority. And the issue here that I'm trying to sort out is, okay, this proceeding came to a conclusion on this day, and a minute order was issued, and then a form of judgment thereafter was entered. And there's no evidence in this record to suggest that if you had any objections to the form of implementing what was decided on that day, that you didn't have some remedy. You would have invoked the same ancillary jurisdiction that the Court had to enter that judgment in any event. That is one view of it. And I'm trying to understand where the harm in that resolution arises. It's not a statutory imposed deadline. It is a 120 days that the Court put in there. So I don't understand why there is an ancillary jurisdiction. I haven't heard the argument yet as to why there is an ancillary jurisdiction once the Court has operated to enforce the agreement within 120 days. Because I think the case is, including Kerr-Hawkins, says that unless you have a separate basis for the jurisdiction, the original order --" Why isn't there ancillary jurisdiction under the Court's general authority to enforce its orders? There is no inherent or general authority. Once Judge Phillips said that this order is going to expire within 120 days, what Kerr-Hawkins and all of the Ninth Circuit cases that I cite in the record suggest is you should have incorporated the terms of the agreement within the order itself and expressly retained jurisdiction. The cases are fairly clear on that. I do that all the time with judges on the record, where we incorporate in the final judgment the very terms of the settlement agreement itself under the California for this very reason, that you're enforcing the terms and everyone is clear. Here we have a situation where the judge herself said, you people are going to have to do something about this issue of the stock and the judgment. She indicates at page 60, page 5 of the transcript, do you want to work something out with regard to the shares in the proposed judgment? What day is that that this is occurring? The discussion, Your Honor? Yes, you're reading about. When is when? That was the hearing on April 20th. Excuse me. Obviously, August 21st, Your Honor. Let me just make sure. Monday, August 21st, 2000, Your Honor. It's page 70 of the excerpts of the record and it's page 5 of the transcript. Is that the day of the entry of the minute order? Yes, Your Honor. All right. I'm sorry. I interrupted you when you were saying what you said. My point being is that there was confusion as to what the terms of the purported settlement agreement was going to be, which, of course, goes beyond what Judge Fisher asked me to do about the jurisdiction issue. But I'm also concerned about the fact that the judge is saying that the enforcement agreement was the settlement agreement was enforceable and that Cransher had executed when that's not the truth. I mean, that's. Forget that for a moment. That's not what Judge Fisher is considering. Your answer is that the judge said on the day of the minute order that there were things that had to be worked out by the parties? Is that what she said? The Court, sure. Do you do we want to work out, Mr. Arden said, do we want to work out something with regard to the shares in that proposed judgment? Mr. Wilson, we'll do that. Mr. Arden, thank you, Your Honor. The Court didn't say anything. No, Your Honor, and I misspoke. That there was a concern about that as well, Your Honor, as concerned as far as what was going to happen. But, again, to go back, there were. Well, your time is up. We'll give you one more minute if you have, although we gave your opponent considerably more. Just, Your Honor, our position is that Federal courts have no inherent jurisdiction, is that they don't retain specifically, particularly in this case where the parties said there was going to be State law that was going to govern the interpretation. And the Court's ruling clearly without, not only didn't have jurisdiction, but was inconsistent on all the cases on the Interpretation 664.6. Thank you, counsel. The case just argued will be submitted.
judges: Reinhardt, O Scannlain,fisher